**YU | MOHANDESI LLP**

**B. Ben Mohandesi** (SBN 214921)
213.377.5505 | bmohandesi@yumollp.com
**Anubha Gangal** (SBN 361286)
619.906.8580 | agangal@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendants
TrueAccord Corp.,
LVNV Funding LLC, and Resurgent
Capital Services L.P.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SALLIS, | Case No.: 3:26-cv-03310-JES-SBC |
| Plaintiff, | **DEFENDANT TRUEACCORD CORP.'S ANSWER TO COMPLAINT** |
| vs. | |
| LVNV FUNDING LLC;<br>RESURGENT CAPITAL SERVICES;<br>TRUEACCORD CORP.,<br>and DOES 1-10 | |
| Defendant. | |

YU | MOHANDESI LLP
633 W. Fifth Street, Suite 2800
Los Angeles, CA 90071

ANSWER

Defendant TrueAccord Corp. ("Defendant"), for itself alone, and no others, answers the Complaint ("Complaint") of Plaintiff Matthew Sallis ("Plaintiff"), and each of the purported causes of action in the Complaint, for itself only, and responds as follows[1]:

**INTRODUCTION**

1.      Answering Paragraph 1 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations to the extent they misstate the law.  As a further response, Defendant denies that it violated the Fair Debt Collection Practices Act ("FDCPA").

**JURISDICTION**

2.      Answering Paragraph 2 of the Complaint, Defendant admits that Plaintiff purports to allege causes of action arising under the  Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (FDCPA).  Defendant denies that it violated the FDCPA or any other law.

3.      Answering Paragraph 3 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations to the extent they misstate the law.

**VENUE**

1.[2]      Answering Paragraph 1 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations to the extent they misstate the law.

**PARTIES**

2.      Answering Paragraph 2 of the Complaint, Defendant states that these

YU | MOHANDESI LLP
633 W. Fifth Street, Suite 2800
Los Angeles, CA 90071

---

[1] Defendant repeats the headings in the Complaint for organizational purposes, but they should be considered denied.

[2] The Complaint's misnumbered paragraph numbers are repeated herein for the sake of consistency.

— 1 —
ANSWER

YU | MOHANDESI LLP
633 W. Fifth Street, Suite 2800
Los Angeles, CA 90071

allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff is a natural person. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

3. Answering Paragraph 3 of the Complaint, these allegations are not stated as to Defendant and thus no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

4. Answering Paragraph 4 of the Complaint, these allegations are not stated as to Defendant and thus no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

5. Answering Paragraph 5 of the Complaint, Defendant admits that it has a CA DFPI- Debt Collection License #10526-99, is a Delaware corporation, and it maintains an office in Kansas. Defendant further admits only that it acts as a third-party collector on behalf of LVNV Funding LLC.

6. Answering Paragraph 6 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations to the extent they misstate the law. As a further response, Defendant admits that it is a licensed debt collector but denies any express or implied allegations of wrongdoing.

7. Answering Paragraph 7 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

8. Answering Paragraph 8 of the Complaint, Defendant denies the allegations.

YU | MOHANDESI LLP
633 W. Fifth Street, Suite 2800
Los Angeles, CA 90071

## FACTUAL ALLEGATIONS

9.    Answering Paragraph 9 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

10.    Answering Paragraph 10 of the Complaint, Defendant admits only that the account originally belonged to the original creditor, WebBank. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

11.    Answering Paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

12.    Answering Paragraph 12 of the Complaint, Defendant admits that it sent an email to Plaintiff on or around November 23, 2025.  The email speaks for itself. Defendant denies the allegations to the extent they are inconsistent with the subject email.

13.    Answering Paragraph 13 of the Complaint, Defendant states that the email speaks for itself.  Defendant denies the allegations to the extent they are inconsistent with the subject email.

14.    Answering Paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

15.    Answering Paragraph 15 of the Complaint, Defendant admits that it sent an email to Plaintiff on or around December 2, 2025. The email speaks for itself. Defendant denies the allegations to the extent they are inconsistent with the subject email. As a further response, Defendant states the remaining allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations to the extent they misstate the law.

— 3 —
ANSWER

16.     Answering Paragraph 16 of the Complaint, Defendant denies the allegations as stated. Defendant states that it paused collection communications after Plaintiff's dispute.  Defendant is informed and believes that debt verification was provided.

17.     Answering Paragraph 17 of the Complaint, Defendant admits that it sent an email to Plaintiff on or around January 2, 2026. The email speaks for itself. Defendant denies the allegations to the extent they are inconsistent with the subject email. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

18.     Answering Paragraph 18 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

19.     Answering Paragraph 19 of the Complaint, these allegations are not stated as to Defendant and thus no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

20.     Answering Paragraph 20 of the Complaint, these allegations are not stated as to Defendant and thus no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

21.     Answering Paragraph 21 of the Complaint, these allegations are not stated as to Defendant and thus no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

22.     Answering Paragraph 22 of the Complaint, these allegations are not stated as to Defendant and thus no response is required. To the extent a response is required,  Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

YU | MOHANDESI LLP
633 W. Fifth Street, Suite 2800
Los Angeles, CA 90071

— 4 —

ANSWER

23. Answering Paragraph 23 of the Complaint, these allegations are not stated as to Defendant and thus no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

24. Answering Paragraph 24 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

25. Answering Paragraph 25 of the Complaint, Defendant states that the document speaks for itself.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

26. Answering Paragraph 26 of the Complaint, Defendant denies the allegations.

27. Answering Paragraph 27 of the Complaint, Defendant denies the allegations.

28. Answering Paragraph 28 of the Complaint, Defendant denies the allegations.

29. Answering Paragraph 29 of the Complaint, Defendant denies the allegations.

30. Answering Paragraph 30 of the Complaint, Defendant denies the allegations.

31. Answering Paragraph 31 of the Complaint, Defendant denies the allegations.

32. Answering Paragraph 32, Defendant denies the allegations.

33. Answering Paragraph 33, Defendant denies the allegations.

34. Answering Paragraph 34, Defendant denies the allegations.

/ / /

YU | MOHANDESI LLP
633 W. Fifth Street, Suite 2800
Los Angeles, CA 90071

— 5 —
ANSWER

YU | MOHANDESI LLP
633 W. Fifth Street, Suite 2800
Los Angeles, CA 90071

**FIRST CAUSE OF ACTION**

**Violation of the FDCPA**

15 U.S.C. §§ 1692e, 1692f, 1692d

(Against all Defendants)

35. Answering Paragraph 35 of the Complaint, Defendant incorporates its responses to the forgoing paragraphs as if fully set forth herein.

36. Answering Paragraph 36 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies any express or implied allegations of wrongdoing.

37. Answering Paragraph 37 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies any express or implied allegations of wrongdoing.

38. Answering Paragraph 38 of the Complaint, Defendant denies the allegations.

39. Answering Paragraph 39 of the Complaint, Defendant denies the allegations.

**SECOND CAUSE OF ACTION**

**Violation of the FDCPA**

**15 U.S.C. §§ 1692e, 1692f, 1692d**

40. Answering Paragraph 40 of the Complaint, Defendant incorporates its responses to the forgoing paragraphs as if fully set forth herein.

41. Answering Paragraph 41 of the Complaint, Defendant denies the allegations.

42. Answering Paragraph 42 of the Complaint, Defendant denies the allegations.

43. Answering Paragraph 43 of the Complaint, Defendant denies the allegations.

ANSWER

44.     Answering Paragraph 44 of the Complaint, Defendant denies the allegations.

## THIRD CAUSE OF ACTION

### Violation of the Fair Credit Reporting Act

### 15 U.S.C. § 1681s-2

(Against Defendants LVNV Funding LLC and Resurgent Capital Services, L.P.)

45.     Answering Paragraph 45 of the Complaint, Defendant incorporates its responses to the forgoing paragraphs as if fully set forth herein.

46.     Answering Paragraph 46 of the Complaint, these allegations are not stated as to Defendant and thus no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

47.     Answering Paragraph 47 of the Complaint, these allegations consist of legal conclusions to which no response is required.

48.     Answering Paragraph 48 of the Complaint, these allegations consist of legal conclusions to which no response is required.

49.     Answering Paragraph 49 of the Complaint, these allegations consist of legal conclusions to which no response is required.

50.     Answering Paragraph 50 of the Complaint, these allegations are not stated as to Defendant and thus no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

51.     Answering Paragraph 51 of the Complaint,  these allegations are not stated as to Defendant and thus no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

YU | MOHANDESI LLP
633 W. Fifth Street, Suite 2800
Los Angeles, CA 90071

ANSWER

YU | MOHANDESI LLP
633 W. Fifth Street, Suite 2800
Los Angeles, CA 90071

52. Answering Paragraph 52 of the Complaint, these allegations are not stated as to Defendant and thus no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

53. Answering Paragraph 53 of the Complaint, these allegations are not stated as to Defendant and thus no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

54. Answering Paragraph 54 of the Complaint, these allegations are not stated as to Defendant and thus no response is required. As a further response, Defendant denies that Plaintiff is entitled to any relief including but not limited to actual damages, statutory damages, punitive damages, attorney's fees, and costs under FCRA.

## FOURTH CAUSE OF ACTION

### Violation of the California Rosenthal Act

### Cal. Civ. Code §§ 1788 et seq.

(Against All Defendants)

55. Answering Paragraph 55 of the Complaint, Defendant incorporates its responses to the forgoing paragraphs as if fully set forth herein.

56. Answering Paragraph 56 of the Complaint, Defendant denies the allegations.

57. Answering Paragraph 57 of the Complaint Defendant denies the allegations.

58. Answering Paragraph 58, Defendant denies the allegations.

59. Answering Paragraph 59 of the Complaint, Defendant denies the allegations.

— 8 —

ANSWER

## PRAYER FOR RELIEF

Answering the PRAYER FOR RELIEF Paragraph, and each of its subparts, Defendant denies the allegations, denies that Plaintiff is entitled to the relief requested, and denies that Plaintiff is entitled to any relief whatsoever from Defendant.

## DEMAND FOR JURY TRIAL

Answering the TRIAL BY JURY Paragraph, Defendant admits that Plaintiff demands a trial by jury in the Complaint.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

1.    Defendant reserves the right to compel arbitration pursuant to any applicable agreement.

## SECOND AFFIRMATIVE DEFENSE

2.    Plaintiff fails to state a claim upon which relief can be granted against Defendant.

## THIRD AFFIRMATIVE DEFENSE

3.    Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

4.    Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, res judicata, waiver, unclean hands, laches, or other equitable doctrines.

## FIFTH AFFIRMATIVE DEFENSE

5.    Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate his alleged damages, if any.

YU | MOHANDESI LLP
633 W. Fifth Street, Suite 2800
Los Angeles, CA 90071

— 9 —
ANSWER

YU | MOHANDESI LLP
633 W. Fifth Street, Suite 2800
Los Angeles, CA 90071

## SIXTH AFFIRMATIVE DEFENSE

6.    Plaintiff's claims are barred in whole or in part because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts or omissions alleged.

## SEVENTH AFFIRMATIVE DEFENSE

7.    Defendant's conduct was privileged or justified.

## EIGHTH AFFIRMATIVE DEFENSE

8.    Plaintiff's claims may be preempted in part or in whole by federal law.

## NINTH AFFIRMATIVE DEFENSE

9.    Plaintiff's claims may be barred because the acts or omissions of which Plaintiff complains have been approved or mandated, implicitly or expressly, by applicable statutes and regulations.

## TENTH AFFIRMATIVE DEFENSE

10.    Plaintiff's claims may be barred because Defendant at all times complied in good faith with all applicable statutes and regulations.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    Defendant specifically denies that it acted with any willfulness, oppression, or malice towards Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

12.    If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, intervening acts, omissions, activities, carelessness, recklessness, negligence, or intentional misconduct of others, and not by Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    If Plaintiff prevails against Defendant, Defendant's liability is several and limited to its own actionable segment of fault, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    Plaintiff's claims may be barred because any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were the result of an innocent

ANSWER

mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or omissions. Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Any damages claimed by Plaintiff are impermissibly speculative and cannot be recovered from Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiff's claims may be barred because Defendant, within 15 days of either after discovering a violation which is able to be cured, or after the receipt of a written notice of such violation, made adjustments or corrections necessary to cure the violation with respect to Plaintiff.

## RESERVATION OF RIGHTS

Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert such defenses.

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing from Defendant by way of the Complaint;

2.    For costs of suit herein;

3.    For attorney's fees to the extent available by law or contract; and

4.    For such other and further relief as this Court may deem just and proper.

Dated: July 23. 2026                    **YU | MOHANDESI LLP**

By:   */s/ B.Ben Mohandesi*
        B. Ben Mohandesi
        Attorney for Defendant
        TrueAccord Corp.

ANSWER

YU | MOHANDESI LLP
633 W. Fifth Street, Suite 2800
Los Angeles, CA 90071

# CERTIFICATE OF SERVICE

I certify that on July 23, 2026, a copy of the foregoing was filed and served electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system as described below. Parties may access this filing through the Court's system.


Dated: July 23. 2026

By: _/s/ B. Ben Mohandesi_
B. Ben Mohandesi

YU | MOHANDESI LLP
633 W. Fifth Street, Suite 2800
Los Angeles, CA 90071

— 12 —
CERTIFICATE OF SERVICE